IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BETUL AYSE SAYIN AND FATIH MEHMET SAYIN, PARENTS OF M.S.S. AND H.S.S., MINOR CHILDREN,<br>　　　　PLAINTIFFS,<br><br>V.<br><br>UNITED STATES OF AMERICA; MICHAEL R. POMPEO, SECRETARY OF STATE, U.S. DEPARTMENT OF STATE; KRISTJEN M. NIELSON, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; LEE FRANCIS CISSNA, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; DANIEL RENAUD, ASSOCIATE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES FIELD OPERATIONS DIRECTORATE; GARY GARMAN, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES SAN ANTONIO FIELD OFFICE,<br>　　　　DEFENDANTS. | CAUSE NO. 1:18-CV-643-LY |

## MEMORANDUM OPINION

Before the court are Plaintiffs' Amended Motion for Temporary Restraining Order, Preliminary Injunction filed September 18, 2018 (Doc. #14) and Defendants' Motion for Summary Judgment and, in the Alternative, Response to Plaintiffs' Motion for Preliminary Injunction and/or Temporary Restraining Order filed September 18, 2018 (Doc. #15). Also before the court is Plaintiffs' Amended Complaint filed September 17, 2018 (Doc. #13). On September 24, 2018, the court convened a hearing on Plaintiffs' motion for preliminary injunction, at which the parties appeared through counsel and agreed that the court should consider all pending requests for relief

by all parties and adjudicate the case on its merits. Therefore, the court conducted a bench trial. *See* FED. R. CIV. P. 65(a)(2). Having considered the motions, responses, replies, briefs, agreed record, argument of counsel, applicable law, and case file as a whole, the court will render judgment in favor of Plaintiffs for the reasons to follow.

## Background

Plaintiffs are a family from Turkey[1] who entered the United States on July 30, 2016, under non-immigrant B-2 visitors-for-pleasure visas ("tourist visas"), which authorized Plaintiffs to remain in this country until January 29, 2017. On October 12, 2016, Plaintiffs filed Form I-589 Applications for Asylum and for Withholding of Removal with the United States Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"). On October 13, 2016, USCIS acknowledged receipt of the applications, noted the applications are "pending as of 10/12/16," and specifically advised Plaintiffs they "may remain in the U.S. until [their] asylum application[s] [are] decided." This assurance was given by USCIS *before* Plaintiffs' tourist visas expired. The applications remain open at this time.

By letter dated May 2, 2017, the United States Department of State notified Plaintiffs that they had been "randomly selected for further processing in the Diversity Immigration Visa Program for the fiscal year 2018,[2] The selection was dependent on sufficient visas being available in fiscal year 2018. The parties agree that on March 1, 2018, Plaintiffs were notified that visa numbers had become available for process under the diversity-visa program for which Plaintiff Betul Ayse Sayin

---

[1] Fatih Mehmet Sayin and Betul Ayse Sayin are man and wife. M.S.S. and H.S.S. are their minor children. Because they parties agree that all family members occupy the same status in this dispute, the court will refer to them collectively as "Plaintiffs."

[2] Fiscal year 2018 began October 1, 2017, and ends September 30, 2018.

2

applied. On March 2, 2018, Plaintiffs filed Form I-485 Applications to Register Permanent Residence or Adjust Status with USCIS. On April 17, 2018, Plaintiffs appeared for an interview with USCIS to determine their eligibility for adjustment of status. By letter dated April 18, 2018, USCIS issued a Request for Evidence ("RFE") requesting that Plaintiffs submit proof that they maintained their lawful status until the time of the filing of their Form I-485 applications. By letter dated April 26, 2018, Plaintiffs submitted a memorandum of law and fact in response to the RFE.

On May 14, 2018, USCIS denied their applications on the ground that "[a]t the time [they] filed [their] Application[s] to Register Permanent Residence or Adjust Status, Form I-485, [they] were in unlawful immigration status, and therefore, ineligible under Section 245 of the [Immigration and Nationality] Act."[3] USCIS specifically found that Plaintiffs "remained in the United States without status for over one year, until filing for adjustment of status on March 2, 2018." USCIS further stated that Plaintiffs' "open application[s] for asylum do[] not create a 'technical reason' for being out of status." On June 12, 2018, Plaintiffs filed a I-290B, Notice of Appeal or Motion to reconsider the decision of USCIS. On September 12, 2018, USCIS concluded that Plaintiffs "failed to establish that the previous [USCIS] decision to deny the adjustment of status application was in error, or that this matter should be reopen based on new evidence" and denied Plaintiffs' motion for reconsideration. Therefore, USCIS's September 12, 2018 decision became a final agency decision that Plaintiffs now appeal.

---

[3] *See* 8 U.S.C. § 1255(c)(2) (2017), which codifies Section 245 of the Immigration and Nationality Act.

## Analysis

"Any person 'adversely affected or aggrieved' by agency action . . . is entitled to 'judicial review thereof,' as long as the action is a 'final agency action for which there is no other adequate remedy in a court.'" *Heckler v. Chaney*, 470 U.S. 821, 828 (1985) (quoting 5 U.S.C. §§ 702, 704). Defendants do not dispute that USCIS's denial of Plaintiffs' motions for reconsideration constitutes a "final agency action." *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).

"[T]here is a 'well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action.'" *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 63–64 (1993) (quoting *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991); *Abbott Labs. v. Gardner*, 387 U.S. 136, 141 (1967)). Although the presumption favoring judicial review of administrative action is rebuttable, *see Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645, 1651 (2015), the parties agree that this court has authority to review USCIS's final decision in this case.

Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, provides the framework governing Plaintiffs' eligibility to adjust their immigration status. Section 1255(c) disqualifies aliens who are "in unlawful immigration status" on the date they file their applications or who "failed (other than through no fault of [their] own or for technical reasons) to maintain continuously a lawful status since entry into the United States." 8 U.S.C. § 1255(a), (c)(2). The definition of "lawful status" is provided in regulations promulgated by the United States Attorney General which consist of six categories: lawful permanent residency, non-expired or extended non-immigrant status, refugee status, asylee status, valid parole status, or eligibility under the Immigration Nursing Relief Act of 1989. 8 C.F.R. § 1245.1(d)(1) (2012).

Plaintiffs followed every request and all instructions they were given by USCIS to remain in the United States legally. Plaintiffs were lawfully admitted to the United States as tourists in July of 2016. Plaintiffs applied for asylum and their applications were accepted on October 12, 2016, well before January 29, 2017, when their tourist visas expired.

Subsequently, Plaintiff Betul Ayse Sayin became eligible for a diversity visa, and her family qualified to immigrate as derivatives on that visa. By this time, Plaintiffs' tourist visas had expired, but their asylum applications remained pending. Plaintiffs timely filed applications for adjustment of status under the diversity-visa program after being expressly advised by the United States State Department that they might do so. At no time did the State Department or USCIS advise Plaintiffs that doing so would be futile, because the expiration of their tourist visas resulted in their being ineligible for diversity visas. Plaintiffs appeared for an interview on the date scheduled by USCIS, and following the hearing, Plaintiffs promptly responded to USCIS's request for further evidence. Plaintiffs did everything asked of them by the United States government.

Plaintiffs' applications for adjustment of status were denied on the sole ground that they were in "unlawful immigration status" at the time they filed for adjustment of status because their tourist visas had expired before they filed the applications. The Government[4] asserts that "it appears [Plaintiffs] made the deliberate decision to overstay their tourist visas, which was a substantial violation of the immigration laws. After all, they knew (or should have known) that the mere act of filing an application for asylum status does not confer lawful status." *See* 8 C.F.R. § 1245.1(d)(1). Therefore, the Government argues, Plaintiffs are not eligible for the "no fault of" the applicant or

---

[4] The court will collectively refer to Defendants as the "Government."

due to "technical reasons" exemption under Section 1255 of the INA and as defined under Section 1245.1(d)(1) of the Code of Federal Regulations. The court disagrees.

The record contains no evidence to support the Government's contention that Plaintiffs intentionally overstayed their tourist visas. Instead, the record reveals that Plaintiffs made every effort to comply with the immigration laws. The court concludes that USCIS erred when it denied Plaintiffs' applications for adjustment based solely on their "unlawful immigration status" by allowing Plaintiffs on the one hand to stay in the United States because they are pursuing one legal remedy–asylum, and on the other hand denying their request for adjustment of status because their circumstances do not fit into the definition of "lawful status" under the applicable federal regulations promulgated under the INA. Plaintiffs filed their applications for asylum before their tourist visas expired. Plaintiffs each received a Form I-589 Acknowledgment of Receipt of their asylum applications the day after they filed their applications, each of which expressly stated, "You may remain in the U.S. until your asylum application is decided." As of the date of this opinion an order, nearly two years after Plaintiffs' asylum applications were filed, USCIS has not rendered a decision on Plaintiffs' applications for asylum. Clearly these limited circumstance qualify Plaintiffs for the "no fault of" the applicant exemption under Section 1255 of the INA.

The immigration laws of the United States are lengthy and convoluted. They are not easily understood by judges and lawyers, much less persons untrained in the law. The INA, the regulations promulgated under it, and the court decisions construing both comprise a collective, if independent, attempt by all three branches of government to identify what a person who is not a United States citizen must do to be present in this country legally. Sometimes, as here, it becomes incumbent on a court to examine a particular situation, determine what government has wrought, and reach a legal

but equitable result. With this background, it is not a satisfactory answer to say that all persons are presumed to know the law and must follow it. It is extremely difficult for a particular person to find the law specifically applicable to the person's situation. A lay person does not intuitively know that there are regulations that construe a term in a statute, provided the person is aware of the statute at all. A person must, and is entitled to, rely on the government's representations when engaged with the government in pursuing a remedy, whether it involves the immigration laws or otherwise.

Congress recognized the difficulty in strictly complying with every specific provision of Section 1255 of the INA when it provided in subsection (c) a measure of discretion to the adjudicator in a particular case. If an applicant for adjustment of status, such as Plaintiffs here, was in unlawful immigration status on the date of filing an application for adjustment the applicant may still qualify, if the applicant's unlawful status was "through no fault of his own or for technical reasons." 8 U.S.C. §1255(c)(2).

Here Plaintiffs demonstrate a continuous history of following instructions received by USCIS and a continuous history of being in this country with the permission of USCIS. They legally entered the United States. They applied for asylum while legally in the United States and *before* their tourist visas expired. *Before their tourist visas expired*, they were advised by USCIS that they could remain in the United States, pending action on their asylum request. While their asylum request was pending (as it still is), their tourist visas expired. Following the expiration of their tourist visas, they were advised by the United States Department of State that they could apply for adjustment of their status. They then followed every direction they received from the Government to pursue status adjustment, only to be turned down for the sole reason their tourist visas had expired.

There can be no stronger case for a person's unlawful–in the eyes of USCIS–status through no fault of his own, than the one put forth by Plaintiffs. Even one trained in the law would presume legal status to remain in the United States pursuant to such assurance by USCIS, particularly if that assurance was granted *before* the expiration of the person's existing right to be present, as is the case here. The court cannot imagine that such a person would not believe he had legal status. Once so assured by USCIS, it is illogical and nonsensical think that the person would presume he was acting to his detriment by not taking the additional step of applying to renew his tourist visa.

The court concludes that under the unique facts presented by this case, Plaintiffs are in unlawful status as defined by USCIS through no fault of their own. They have satisfied the INA's exception.

The court observes in passing that with regard to the "technical reasons" exception, there is likely nothing more "technical" than USCIS advising on the one hand that Plaintiffs may remain in the United States, pending action on their asylum applications, while on the other hand ruling that Plaintiffs could take no other action to improve their immigration status, because their tourist visas expired. It seems to the court that the ultimate "technicality" is to be physically present in the United States with permission of USCIS while pursing the significant goal of asylum, but because of the expiration of permission to be present in the United States pursuant to a relatively low-level permission to visit, the one who is legally physically present is also in an unlawful status in the eyes of the same USCIS.

## Conclusion

Therefore, the court will render judgment in favor of Plaintiffs and order the relief they seek.

SIGNED this 26th day of September, 2018.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE